UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21125-CIV-UNGARO/SIMONTON

MANI KELSEY,

    Plaintiff,

v.

MICHAEL DONLEY, SECRETARY
DEPT. OF THE AIR FORCE,

    Defendant.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

Presently pending before the Court is Plaintiff's Motion to Compel Attendance at Deposition (DE # 14). The Defendant has filed an Opposition to the Motion (DE # 15) and Plaintiff has filed a Reply (DE # 20). The Motion has been referred to the undersigned Magistrate Judge (DE # 17). A hearing was held on the Motion on July 30, 2009. At the conclusion of the hearing, the Motion was GRANTED, in part, as set forth in this Order.

I.    BACKGROUND

Plaintiff Mani Kelsey initiated this action by filing a two count Complaint alleging that Defendants violated the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 621, et seq., (Count I), and the Florida Civil Rights Act, § 760.10(1)(a), (Count II), by unlawfully discharging her from her civilian position with the U.S. Air Force and replacing her with a much younger person (DE #1).

After the district court dismissed Count II, as well as the Department of the Air Force and the United States Secretary of Defense as Defendants from the action (DE # 13), Plaintiff filed the instant Motion to Compel. In the Motion, Plaintiff seeks to compel the deposition of Patricia DeZetter, a former employee of the U.S. Air Force, who

allegedly notified the Plaintiff of her job elimination.  According to the Plaintiff, although a notice was issued for Ms. DeZetter's deposition, Ms. DeZetter has since been terminated from employment with the U.S. Air Force and is likely to leave the country for Germany in the near future. Therefore, Plaintiff seeks to depose her pursuant to Federal Rule of Civil  Procedure 30(a)(2)(iii), which provides for a deposition to be taken early in the litigation when it is likely that the deponent will leave the United States and will be unavailable for deposition at a later date.  In addition, Plaintiff states that it has been unable to serve Ms. DeZetter with a subpoena because she works on a military installation and resides in a gated community.  Plaintiff therefore seeks to have her compelled to attend a deposition on August 3, 2009, as set forth in the Notice of Deposition that was served on the Defendant.  Defendant, on the other hand, opposes the Motion and contends that the Plaintiff improperly sought to depose the witness prior to the mandated Rule 26 conference because there is no evidence that the witness is likely to leave the United States any time soon.  The Defendant further maintains that Ms. DeZetter was not terminated but rather resigned from her employment with the U.S. Air Force.

At the hearing on the Motion, the Parties reiterated the arguments advanced in their papers. However, Plaintiff indicated that it had no objection to Ms. DeZetter being deposed on a date later than August 3, 2009.  In addition, Plaintiff's counsel conceded that he knew of no authority that would compel the Defendant to produce a former employee for a deposition based upon a notice of deposition that had never been served on the former employee.

    II.    <u>ANALYSIS</u>

At the outset, the undersigned notes that the issue of prematurity of the

deposition is now moot since the scheduling conference regarding discovery has occurred. In addition, it is undisputed that the witness, Patricia DeZetter, is no longer employed by the U.S. Air Force.  Thus, she is not a party to this action, and to the extent that she resists appearing for a deposition, the proper way to secure her appearance is through a subpoena, rather than by a notice of deposition served on the Defendant. *See* Fed.R.Civ.P. 30(a)(1)(providing for compelling deponent's attendance by subpoena under Rule 45).  In addition, both Parties agree that Ms. DeZetter's testimony in this matter is relevant.  The Government stated that it intended to depose Ms. Zetter, but wanted to do so in September.  Therefore, as stated by the undersigned at the hearing, the only remaining issue is when Ms. DeZetter's deposition should take place and how she should be served with the requisite subpoena.  Based upon the representations made by counsel, and the Defendant's previous contacts with the witness, the undersigned concludes that the best resolution of the present motion is to grant the motion in part, and set the deposition for the agreed date of September 1, 2009, at 9:00 a.m., at the Office of the United States Attorney.  Defendant shall serve Ms. DeZetter with a subpoena to compel her attendance.

Therefore, based upon a review of the record as a whole, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel (DE # 14)  is **GRANTED, in part**.  The deposition of Ms. Patricia DeZetter will be conducted on Tuesday, September 1, 2009 at 9:00 a.m. at the United States Attorney's Office.  The Government shall properly serve Ms. DeZetter with a subpoena for the scheduled

deposition.  However, the Government is not required to include the request for documents which was contained in the Plaintiff's Notice of Deposition.  The parties may change the date and time of the deposition by mutual agreement.

**DONE AND ORDERED** in chambers in Miami, Florida on July 30, 2009.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro
    United States District Judge
All counsel of record